UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: U.S. CREDIT, INC.,<br><br>    Debtor.<br><br>ARLINGTON FINANCIAL CONSULTANTS, LLC,<br><br>    Appellant,<br><br>v.<br><br>STEPHEN B. DARR as Chapter 11 Trustee<br>    For U.S. Credit, Inc.,<br><br>    Appellee. | Civil Action No. 24-12751-GAO<br><br><br>(Ch. 11 Case No. 24-10058- JEB) |

OPINION AND ORDER
September 24, 2025

O'TOOLE, D.J.

The appellant, Arlington Financial Consultants, LLC, has appealed a bankruptcy order authorizing the Chapter 11 Trustee for debtor U.S. Credit, Inc. to sell a loan portfolio to a purchaser over Arlington's objection. Pending before the Court is the Trustee's Motion to Dismiss Appeal pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure on both statutory and equitable mootness grounds.

**I.**  **Background**

In 2024, U.S. Credit, Inc. ("Debtor") filed a voluntary petition under Chapter 11 of Title 11 of the United States Bankruptcy Code. A Trustee for the Debtor was approved and began marketing a home improvement loan portfolio owned by the Debtor ("portfolio" or "Purchased Assets"). The Trustee filed a motion to approve bid procedures and sale notice procedures in

connection with a motion for an order approving the sale of the Purchased Assets, which motion the Bankruptcy Court granted. The Trustee thereafter filed a motion for an order approving the sale of the Purchased Assets, specifically seeking approval of a sale of the portfolio to Cadles of West Virginia, LLC. Arlington filed two objections, primarily arguing that the Trustee could not sell the portfolio free and clear of Arlington's rights to recover funds it advanced to certain consumers and contractors.

On October 7, 2024, after a hearing on the matter, the Bankruptcy Court entered the sale order formally approving the Trustee's motion and overruling Arlington's objections ("Sale Order"). The Bankruptcy Court determined, in relevant part, that none of the loans which comprised the Purchased Assets were funded by Arlington, alleged clams against the consumers and contractors asserted by Arlington in its objections were based only on its claims and dealings with the Debtor and not on direct claims against those claimants, and Arlington's alleged claims against third parties were an attempt to indirectly challenge the rights of the estate and the Debtor. The Sale Order also included a specific injunction against Arlington, prohibiting it from pursuing any claims against the consumers or contractors who were parties to loans that were sold as part of the Purchased Assets. The Bankruptcy Court determined that such an injunction was necessary to induce the Purchase to close.

The sale has closed and Arlington did not file a motion to stay the effectiveness of the Sale Order pending the appeal.

**II.     Discussion**

The Trustee moves to dismiss, arguing that the appeal is both statutorily and equitably moot. He claims the appeal is statutorily moot because, under 11 U.S.C. § 363(m), an order that was not stayed pending appeal cannot disturb a sale to a good faith purchaser. He maintains the

appeal is equitably moot because the sale has closed, and proceeds have been disbursed. In opposition, Arlington contends that the appeal is not moot because it does not oppose the sale and does not seek to reverse or modify the authorization for the sale to the purchaser in the Sale Order, but rather, it is requesting a reversal of the injunction prohibiting it from collecting advances it argues are not included in the Purchased Assets.

Under 11 U.S.C. § 363(m),

> [t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

The practical effect of § 363(m) is that it renders "statutorily moot any appellant challenge to a sale that is both to a good faith purchaser, and not stayed." In re Old Cold LLC, 879 F.3d 376, 383 (1st Cir. 2018). Section 363(m) reflects two corresponding policies of both (1) "encouraging finality in bankruptcy sales by protecting good faith purchasers and thereby increasing the value of assets that are for sale," and (2) "stress[ing] a court's general jurisdictional bar from deciding cases in which it cannot provide a remedy." In re Stadium Mgmt. Corp., 895 F.2d 845, 847 (1st Cir. 1990).

Here, the appeal is statutorily moot. It is undisputed that Arlington never obtained a stay of the Sale Order. Additionally, the bankruptcy court determined that the buyer was a good faith purchaser and Arlington does not contend otherwise. See In re Old Cold, LLC, 879 F.3d at 383; In re Corporacion Marcaribe Inv., No. CV 20-12131-GAO, 2022 WL 974138, at *2 (D. Mass. Mar. 31, 2022). Arlington argues instead that it only seeks reversal of the injunction in the Sale Order, and not the sale itself. However, as the Bankruptcy Court determined, Arlington's potential claims against consumers and contractors are based on its claims and dealings with the Debtor and on the Debtor's actions. The injunction was necessary to induce the putative purchaser to close,

and the purchaser has now acquired the Purchased Assets that Arlington seeks to obtain. Therefore, carving out the injunction from the Sale Order would upset the sale itself and run afoul of § 363(m)'s protection of good faith purchasers when the Sale Order had not been stayed. Therefore, an appeal contesting the Sale Order is moot under 11 U.S.C. § 363(m).[1]

### III.  Conclusion

For the foregoing reasons, the Trustee's Motion to Dismiss the Appeal (dkt. no. 6) is GRANTED.

It is SO ORDERED.

      /s/ George A. O'Toole, Jr.
United States District Judge

---

[1] As a result, it is unnecessary to determine whether the appeal is also equitably moot.